UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRANSCANADA POWER MARKETING, LTD.,<br><br>Plaintiff,<br><br>v.<br><br>IAN A. BOWLES, in his official capacity as Secretary of the Massachusetts Executive Office of Energy and Environmental Affairs; PHILIP GIUDICE, in his official capacity as Commissioner of the Massachusetts Department of Energy Resources; ANN G. BERWICK, in her official capacity as Chair of the Massachusetts Department of Public Utilities;[1] and TIM WOOLF and JOLETTE A. WESTBROOK, in their official capacities as Commissioners of the Massachusetts Department of Public Utilities,<br><br>Defendants. | Civil Action No. 4:10-cv-40070-FDS |

## JOINT MOTION FOR STAY

Plaintiff and the Defendants hereby move to stay proceedings in this case until **Tuesday, May 31, 2011**. The competitive solicitation process that was the subject of Plaintiff TransCanada's Motion for a Preliminary Injunction ("Motion") has been declared open to out-of-state bidders such as TransCanada. The re-opened bidding process—which began in September 2010 and will continue through Spring 2011—may address the concerns that formed the basis for TransCanada's lawsuit and facilitate settlement, and thus may obviate the need for any further action by this Court. The parties therefore request that the Court stay this lawsuit until May 31, 2011, while the re-opened bidding process runs its course.

---

[1] Ann G. Berwick replaced Paul J. Hibbard as Chair of the Department of Public Utilities, so her name is substituted for his in the caption of the case. Fed. R. Civ. P. 25(d).

In further support of this motion, the parties state as follows:

1.      This case concerns a Massachusetts statute, Section 83 of the Green Communities Act, which on its face requires electric distribution companies to solicit proposals to enter into long-term contracts from developers of renewable energy resources that are located within the Commonwealth of Massachusetts, its waters, and adjacent federal waters. St. 2008, c. 169, § 83, ¶ 1. One of the ways in which electric distribution companies may satisfy their obligations under Section 83 is through a Request for Proposals ("RFP") process, which entails soliciting bids from renewable energy generators.

2.      Plaintiff TransCanada filed the Complaint in this case on April 16, 2010, alleging that Section 83 and accompanying regulations then in effect, 220 Code Mass. Regs. § 17.00 et seq., violate the Commerce Clause of the United States Constitution, by prohibiting out-of-state generators from competing for the long-term contracts contemplated by Section 83.

3.      On June 1, 2010, TransCanada filed the Motion, seeking to enjoin enforcement of the geographic limitation found in Section 83 and accompanying regulations then in effect, and to stop the RFP process then under way, unless and until the RFP process was opened up to renewable energy generators located outside Massachusetts. See Motion, Ex. 1 (Proposed Preliminary Injunction Order) [Docket Entry No. 16].

4.      Since TransCanada filed the Motion, the Defendants have taken a number of actions that are relevant to the concerns raised by TransCanada in the Complaint and the Motion.

5.  First, the Department of Public Utilities ("DPU") issued an order on June 9, 2010, suspending the geographic limitation found in Section 83. The statute expressly provides that, in the event "any provision of this section is subject to a judicial challenge," DPU may "suspend the applicability of the challenged provision during the pendency of the judicial action until final resolution of the challenge and any appeals." St. 2008, c. 169, § 83, ¶ 10. DPU invoked this provision in its June 9 order, and suspended the portion of Section 83 that limited the availability of long-term contracts to developers of renewable energy resources located in Massachusetts, its waters, or adjacent federal waters.

6.  Second, DPU adopted emergency long-term contract regulations, which became final on August 20, 2010, that amended 220 Code Mass. Regs. § 17.00 et seq. The amendment allowed solicitations for long-term contract proposals from both in-state and out-of-state renewable energy generators—by removing from 220 Code Mass. Regs. § 17.01(1), the words "within the Commonwealth of Massachusetts, its waters, or adjacent federal waters".

7.  Third, DPU ordered the electric distribution companies to revise the RFP process in order to invite bids from generators of renewable energy resources located outside Massachusetts. On August 27, 2010, DPU approved a revised RFP proposal submitted by the electric distribution companies ("the Revised RFP"). The Revised RFP was issued by the electric distribution companies on or around September 2, 2010. The Revised RFP invites bids from both out-of-state and in-state renewable energy generators for long-term contracts with the electric distribution companies.

8. Under the Revised RFP, renewable energy generators have 35 days in which to submit bids for long-term contracts to the electric distribution companies, or until on or around October 7, 2010. The electric distribution companies then have 120 days after the submission of bids in which to negotiate and execute contracts with renewable energy generators, i.e., until on or around February 4, 2011. Within 30 days after that, i.e., by on or around March 6, 2010, the contracts should be submitted to DPU for review and approval.

9. The actions taken by DPU and the Defendants over the course of the summer are steps toward addressing the objects of TransCanada's Motion—suspending the geographic limitation in Section 83 and accompanying regulations, and opening the RFP process to out-of-state bidders. TransCanada has asserted (in Comments submitted to the DPU) that it remains to be seen whether these steps will be effective to remedy the alleged violation of the Constitution. The parties agree, however, that there is no present need for the Defendants to oppose, and for the Court to entertain, the Motion that was filed on June 1, 2010. Accordingly, as part of this Joint Motion for Stay, TransCanada withdraws the Motion without prejudice. TransCanada reserves the right to file a second motion for a preliminary injunction at any time in the future, if the facts known to the parties at this time change such that TransCanada deems it appropriate to do so.

10. In light of the facts known to the parties at this time, the parties request that the Revised RFP process be allowed to run its course for the next several months before the case proceeds any further in this Court. It is possible that the Revised RFP process will address TransCanada's concerns about the alleged constitutional violation involving Section 83, as enforced by the Defendants, and it is possible that the Revised

RFP process may help to facilitate a settlement between the parties, thus obviating the need for any further action by this Court.

WHEREFORE, the parties jointly request that this Court allow this motion and approve the following course of action with respect to the case:

1. TransCanada withdraws its Motion for a Preliminary Injunction [Docket Entry No. 16] without prejudice, reserving the right to file a second motion for a preliminary injunction if there should come a time in the future when the facts known to the parties at this time change such that TransCanada deems it appropriate to do so.

2. The case shall otherwise be stayed until May 31, 2011, while the Revised RFP process runs its course.

3. The parties shall submit to the Court a status report regarding the Revised RFP process and the status of the litigation on May 31, 2011, or at such earlier time as the Court may request.

Respectfully submitted,

| | |
|---|---|
| TRANSCANADA POWER MARKETING LTD., | IAN A. BOWLES, PHILIP GUIDICE, ANN G. BERWICK, TIM WOOLF and JOLETTE A. WESTBROOK, |
| By its attorneys, | By their attorneys, |
| */s/ Robert M. Buchanan, Jr.*_____ | |
| Robert M. Buchanan, Jr. (BBO# 545910)    rbuchanan@choate.com  Daniel C. Winston (BBO# 562209)    dwinston@choate.com  CHOATE, HALL & STEWART LLP  Two International Place  Boston, MA 02110  (617) 248-5000 | MARTHA COAKLEY  ATTORNEY GENERAL  */s/ Timothy J. Casey*_____  Timothy J. Casey (BBO# 650913)    Timothy.Casey@state.ma.us  Assistant Attorney General  Government Bureau  One Ashburton Place  Boston, MA 02108 |
| September 28, 2010 | (617) 963-2043 |

5

## **LOCAL RULE 7.1 CERTIFICATION**

I hereby certify that I conferred with counsel for the Plaintiff concerning the subject matter of this motion in compliance with District Court Local Rule 7.1(a)(2), and the parties have agreed to file this motion jointly.

>                            */s/ Timothy J. Casey*
>                            Timothy J. Casey

## **CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent by regular mail to individuals indicated as non-registered participants (if any) on September 28, 2010.

>                            */s/ Timothy J. Casey*
>                            Timothy J. Casey