UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TRANSCANADA POWER MARKETING, LTD.,

Plaintiff,

v.

RICHARD K. SULLIVAN, JR., in his official capacity as Secretary of the Massachusetts Executive Office of Energy and Environmental Affairs; MARK SYLVIA, in his official capacity as Commissioner of the Massachusetts Department of Energy Resources; ANN G. BERWICK, in her official capacity as Chair of the Massachusetts Department of Public Utilities; and JOLETTE A. WESTBROOK, in her official capacity as a Commissioner of the Massachusetts Department of Public Utilities,

Defendants.[1]

Civil Action No. 4:10-cv-40070-FDS

**JOINT MOTION FOR FURTHER STAY**

Plaintiff and the Defendants hereby move jointly to stay proceedings in this case for an additional year, until **Wednesday, May 30, 2012**. The competitive solicitation process that is one subject of Plaintiff TransCanada's lawsuit has been declared open to out-of-state bidders such as TransCanada. The re-opened bidding process is to take place over the course of two rounds: the first round concluded in Spring 2011, while this

[1] Richard K. Sullivan, Jr., has replaced Ian A. Bowles as Secretary of the Massachusetts Executive Office of Energy and Environmental Affairs; Mark Sylvia has replaced Philip Giudice as Commissioner of the Massachusetts Department of Energy Resources; and Ann G. Berwick has replaced Paul J. Hibbard as Chair of the Department of Public Utilities; the names of the new officers have been substituted in the caption of the case. Fed. R. Civ. P. 25(d). Tim Woolf, formerly a Commissioner of the Massachusetts Department of Public Utilities and a named Defendant in his official capacity, resigned from office in February 2011, so his name has been removed from the caption. Once a successor is named to the office previously held by Mr. Woolf, the successor's name will be added to the caption in place of Mr. Woolf's. See id.

Court's first stay order was in effect; the second round will take place in the future, between now and when the state statute challenged by TransCanada expires by its terms in 2014. The Defendants state that they intend to keep the process open to out-of-state bidders such as TransCanada throughout the second round. The pendency of this lawsuit provided statutory authority for DPU to suspend the geographic limitation found in the challenged state statute; and TransCanada submits, and Defendants accept for the purpose of this motion, that the continued pendency of this lawsuit is necessary for that DPU Order to remain effective. The requested further stay, if granted, would permit the competitive solicitation process contemplated by the statute to continue to operate without any geographic limitation. This may address the concerns that formed the basis for TransCanada's lawsuit and facilitate settlement, and thus may obviate the need for any further action by this Court. The parties therefore request that the Court order a further stay of the lawsuit until May 30, 2012.

In further support of this motion, the parties state as follows:

1. This case concerns a Massachusetts statute, Section 83 of the Green Communities Act ("Section 83"), which on its face requires electric distribution companies (such as NStar, National Grid, and their peer companies throughout the state) to solicit proposals to enter into long-term contracts from developers of renewable energy resources that are located within the Commonwealth of Massachusetts, its waters, and adjacent federal waters. Section 83, ¶ 1. One of the ways in which electric distribution companies may satisfy their obligations under Section 83 is through a Request for Proposals ("RFP") process, which entails soliciting bids from renewable energy

generators.[2] The distribution companies are required to solicit such proposals twice over a five-year period commencing on July 1, 2009, and enter into long-term contracts which account for three percent of the distribution companies' total energy demand from their distribution customers. Id. ¶¶ 1, 4.

2. Plaintiff TransCanada filed the complaint in this case on April 16, 2010, alleging that Section 83 and accompanying regulations then in effect, 220 Code Mass. Regs. § 17.00 et seq., violate the Commerce Clause of the United States Constitution, by prohibiting out-of-state generators from competing for the long-term contracts contemplated by Section 83. On June 1, 2010, TransCanada filed a motion for preliminary injunction, seeking a court order requiring Defendants to open up the bidding process governed by Section 83 to out-of-state bidders.

3. Since that time, the Defendants have taken a number of actions that are relevant to the concerns raised by TransCanada in the complaint and the motion for preliminary injunction.

4. First, the Department of Public Utilities ("DPU") issued an order on June 9, 2010, suspending the geographic limitation found in Section 83. The statute expressly provides that, in the event "any provision of this section is subject to a judicial challenge," DPU may "suspend the applicability of the challenged provision during the pendency of the judicial action until final resolution of the challenge and any appeals." Section 83, ¶ 10. DPU invoked this provision in its June 9 order, and suspended the portion of Section 83 that limited the availability of long-term contracts to developers of

[2] Another way for distribution companies to satisfy their obligations under the statute is to engage in direct, individual negotiations with developers of renewable energy resources. Section 83, ¶ 2.

renewable energy resources located in Massachusetts, its waters, or adjacent federal waters.

5. Second, DPU adopted emergency long-term contract regulations, which became final on August 20, 2010, that amended 220 Code Mass. Regs. § 17.00 et seq. The amendment allowed solicitations for long-term contract proposals from both in-state and out-of-state renewable energy generators—by removing from 220 Code Mass. Regs. § 17.01(1), the words "within the Commonwealth of Massachusetts, its waters, or adjacent federal waters". The amended regulations remain in effect, and Defendants do not foresee modifying them under the present circumstances.

6. Third, DPU ordered the electric distribution companies to revise the first RFP process that was then underway in order to invite bids from generators of renewable energy resources located outside Massachusetts. In response, the electric distribution companies submitted a revised RFP proposal that invited bids from both out-of-state and in-state renewable energy generators for long-term contracts with the electric distribution companies. DPU approved the proposal, and over the course of the Winter and Spring, the electric distribution companies negotiated and executed contacts with both in-state and out-of-state renewable energy generators, and submitted such contracts for approval by DPU.

7. In light of the actions undertaken by the Defendants to open the first RFP process to out-of-state bidders, TransCanada agreed to withdraw its motion for preliminary injunction, and the parties agreed to submit a joint motion to stay the case until May 31, 2011, to allow the first RFP process to run its course. [See Docket Entry No. 21, filed Sept. 28, 2010.] This Court permitted TransCanada to withdraw its

preliminary injunction motion, and granted the joint motion to stay on September 30, 2010. The Court ordered the case stayed until May 31, 2011, and scheduled a status conference for June 2, 2011.

8. Over the course of the next year, DPU and the Defendants will continue to implement the Section 83 solicitation process without directly or indirectly imposing any geographic limitation on the source of the renewable energy to be purchased by the electric distribution companies. Though no deadlines have been set for the second RFP process contemplated by the statute, the Defendants intend to conduct the second RFP process in a manner similar to the first RFP process—i.e., open to out-of-state as well as in-state bidders, with DPU continuing to suspend the geographic limitation found in Section 83.

9. In light of the facts known to the parties at this time, the parties request that the case be stayed for an additional year, to allow the Section 83 solicitation process to continue operating without a geographic limitation. It is possible that this process will address TransCanada's concerns about the alleged constitutional violation involving Section 83, and it is possible that this process may help to facilitate a settlement between the parties, thus obviating the need for any further litigation between the parties or action by this Court.

10. The proposed intervenors—including the Alliance to Protect Nantucket Sound and associated individuals, and Cape Wind Associates, LLC—are aware of the parties' proposal for a further stay of the lawsuit, and are agreeable to this approach. As part of the parties' joint motion for a further stay of the case, the proposed intervenors would agree to defer action on their motions to intervene, including the motion to

intervene filed today by Cape Wind Associates, LLC. [See Docket Entry No. 23, filed Apr. 1, 2011; Docket Entry No. 32, filed May 31, 2011.]

11. Should the facts known to the parties change during the course of the next year such that one or all of the parties deem it appropriate to do so, the parties reserve the right to file a motion with the Court requesting that the further stay be lifted. TransCanada reserves the right to file a second motion for a preliminary injunction at any time in the future, if the facts known to the parties at this time change such that TransCanada deems it appropriate to do so.

WHEREFORE, the parties jointly request that this Court allow this motion and approve the following course of action with respect to the case:

1. The case shall be stayed until May 30, 2012. Should the facts presently known to the parties change such that one or more of the parties deem it appropriate to do so, the party or parties may seek to lift or vacate the stay by filing a motion with the Court during the pendency of the stay, explaining the basis upon which the party or parties seek to end the stay.

2. The Court defers action on the proposed intervenors' motions to intervene [Docket Entry Nos. 23, 32]. There is no need for the Court to rule on the motions to intervene unless and until the parties request that the stay be lifted and that the Court rule on the motions.

3. TransCanada reserves the right to file a second motion for a preliminary injunction if there should come a time in the future when the facts known to the parties at this time change such that TransCanada deems it appropriate to do so.

4. The parties shall submit to the Court a status report regarding the second RFP process and the status of the litigation on May 30, 2012, or at such earlier time as the Court may request.

Respectfully submitted,

TRANSCANADA POWER MARKETING LTD.,

By its attorneys,

*/s/ Robert M. Buchanan, Jr.*____________
Robert M. Buchanan, Jr. (BBO# 545910)
rbuchanan@choate.com
Daniel C. Winston (BBO# 562209)
dwinston@choate.com
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA 02110
(617) 248-5000

May 31, 2011

RICHARD K. SULLIVAN, JR., MARK SYLVIA, ANN G. BERWICK, and JOLETTE A. WESTBROOK,,

By their attorneys,

MARTHA COAKLEY
ATTORNEY GENERAL

*/s/ Timothy J. Casey*____________
Timothy J. Casey (BBO# 650913)
Timothy.Casey@state.ma.us
Assistant Attorney General
Government Bureau
One Ashburton Place
Boston, MA 02108
(617) 963-2043

## LOCAL RULE 7.1 CERTIFICATION

I hereby certify that I conferred with counsel for the Plaintiff concerning the subject matter of this motion in compliance with District Court Local Rule 7.1(a)(2), and the parties have agreed to file this motion jointly. I further certify that I conferred with counsel for both sets of proposed intervenors, and that they assent to this motion.

*/s/ Timothy J. Casey*______________
Timothy J. Casey

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent by regular mail to individuals indicated as non-registered participants (if any) on May 31, 2011.

*/s/ Timothy J. Casey*
Timothy J. Casey